THOMAS J. SPEISS, III (SBN 200949)
 tspeiss@sycr.com
DOUGLAS Q. HAHN (SBN 257559)
 dhahn@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., Suite 400
Santa Monica, California 90401
Telephone:  (424) 214-7042
Facsimile:  (424) 214-7010

Attorneys for Plaintiff Sillage, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> URBAN OUTFITTERS.COM LP, a Pennsylvania Limited Partnership; URBAN OUTFITTERS HOLDINGS, LLC, a Pennsylvania Limited Liability Company; and, HENRI BENDEL, INC., a Delaware Corporation. <br><br> Defendants. | **CASE NO.: 8:14-cv-00686** <br><br> **COMPLAINT FOR:** <br><br> 1. **PATENT INFRINGEMENT UNDER 35 U.S.C. § 271;** <br><br> 2. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;** <br><br> 3. **TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a); and,** <br><br> 4. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200.** <br><br> <u>JURY TRIAL DEMANDED</u> |

**COMPLAINT**

1    Plaintiff Sillage, LLC ("Sillage") by and through its attorneys, hereby

2  alleges as follows:

3

4                              **PARTIES**

5    1.    Sillage is engaged in the business of creating and providing luxury

6  artisanal fragrances to its consumers.  In addition to the scents themselves, Sillage

7  is known for presenting its perfumes in embellished bottles and flacons.  Sillage is

8  now and was at all times herein mentioned, a California limited liability company

9  duly organized and existing under the laws of the State of California with its

10  principal place of business at 660 Newport Center Drive, Suite 660,

11  Newport Beach, California 92660.

12    2.    On information and belief, Defendant UrbanOutfitters.com LP

13  ("UrbanOutfitters.com") is a limited partnership duly organized and existing under

14  the laws of the State of Pennsylvania, with its principal place of business at 5000

15  S. Broad Street, Philadelphia, Pennsylvania 19112.

16    3.    On information and belief, Defendant Urban Outfitters Holdings, LLC

17  ("Urban Outfitters Holdings"; collectively, UrbanOutfitters.com and Urban

18  Outfitters Holdings shall be referred to as "Urban Outfitters") is a limited liability

19  company duly organized and existing under the laws of the State of Pennsylvania,

20  with its principal place of business at 5000 S. Broad Street, Philadelphia,

21  Pennsylvania 19112.

22    4.    On information and belief, Defendant Henri Bendel, Inc. ("Henri

23  Bendel"; collectively, Urban Outfitters and Henri Bendel are the "Defendants") is

24  a corporation duly organized and existing under the laws of the State of Delaware,

25  with its principal place of business at 666 Fifth Avenue, 4th Floor, New York,

26  New York 10103, and with its registered agent for service of process at The

27  Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,

28  Wilmington, Delaware 19801.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-
COMPLAINT

DOCSSM/3006744v2/101734-0094

## JURISDICTION AND VENUE

5.     This is a civil action arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over Counts I-III pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over UrbanOutfitters.com because UrbanOutfitters.com is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

7.     This Court has personal jurisdiction over Urban Outfitters Holdings because Urban Outfitters Holdings is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

8.     This Court has personal jurisdiction over Henri Bendel because Henri Bendel is doing and has done substantial business in this judicial district — including owning and operating a retail store located at 6600 Topanga Canyon Blvd., Canoga Park, California 91303 — and further has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b).  The acts and transactions complained of herein were conceived, carried out, made effective, and had an effect within the State of California and within this Judicial District.

## FACTUAL ALLEGATIONS

### Patent Ownership

10.     On November 12, 2013, U.S. Patent D693,224 (the "'224 patent") entitled "Display Bottle" was duly and legally issued to Nicole Mather as inventor. A true and correct copy of the '224 patent is attached to this Complaint as **Ex. A**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

COMPLAINT

DOCSSM/3006744v2/101734-0094

and incorporated herein by reference.  Sillage is the exclusive licensee of the entire right, title and interest in and to the '224 patent, including all rights to enforce the '224 patent and recover for infringement.  The '224 patent is valid and in force.

11.     On <u>May 1, 2012</u>, U.S. Patent D658,503 (the "'503 patent") entitled "Bottle" was duly and legally issued to Nicole Mather as inventor.  A true and correct copy of the '503 patent is attached to this Complaint as **Ex. B** and incorporated herein by reference.  Sillage is the exclusive licensee of the entire right, title and interest in and to the '503 patent, including all rights to enforce the '503 patent and recover for infringement.  The '503 patent is valid and in force.

12.     As more fully laid out below, Defendants have been and are now infringing the '224 patent and '503 patent in this judicial district and elsewhere, by selling and distributing products which infringe Sillage's patents.

**Trademark Ownership**

13.     On <u>May 10, 2012</u>, Sillage filed a trademark application for its CHERRY GARDEN mark.  CHERRY GARDEN is the name of one of Sillage's perfumes from the House of Sillage line.

14.     On <u>April 2, 2013</u>, the CHERRY GARDEN mark published for opposition in the USPTO's *Official Gazette*.  No oppositions were filed.

15.     On <u>November 5, 2013</u>, Sillage's CHERRY GARDEN mark was issued as U.S. Trademark Registration No. 4,429,539.  Sillage began using the CHERRY GARDEN mark in United States commerce in <u>March 2013</u>.  A copy of the registration for the CHERRY GARDEN mark is attached as **Ex. C** and incorporated herein by reference.

16.     Sillage has expended significant time, energy and expense to promote CHERRY GARDEN, including but not limited to tradeshow attendance, interviews, print ads, online marketing campaigns, couture events, advertising, and marketing.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

COMPLAINT

DOCSSM/3006744v2/101734-0094

17.     Based on Sillage's extensive use and promotion of CHERRY GARDEN, the mark has become distinctive and known in the United States and global marketplace as identifying Sillage as the source of origin for the products marketed and provided in connection therewith.

**Trade Dress Ownership**

18.     In or about <u>November 2011</u>, Sillage introduced TIARA, its first fragrance from its House of Sillage line of perfumes.  TIARA was presented in a transparent cupcake-shaped bottle and included a bottle cap adorned with jewelry, crystals and other décor.

19.     Each subsequent fragrance in the House of Sillage line was presented in a transparent cupcake-shaped bottle and included its own uniquely decorated cap.

20.     Sillage's bottles and caps attracted the attention of critics and consumers alike and quickly became a hallmark of the Sillage brand.  Sillage has used and promoted its trade dress sufficiently to form an association in the mind of consumers to denote Sillage as the source of the product.

**Sillage Markets and Distributes Unique Perfume Products**

21.     On <u>April 28, 2010</u>, Sillage was formed.  On or about <u>November 3, 2011</u>, Sillage began to market its TIARA perfume in United States commerce.  TIARA was marketed and sold in a cupcake-inspired perfume bottle. Since this time, Sillage has expanded and continues to expand its perfume product line in the U.S. to include the marketing and sale of seven (7) Sillage perfumes. Each perfume is marketed in a Signature Line bottle, and a separate Limited Edition bottle, for a total of fourteen (14) separate bottles that are available for purchase, including TIARA, CHERRY GARDEN, and other perfumes.

22.     Each scent in the House of Sillage line is presented in a signature cupcake inspired bottle which embodies the design claimed in the '224 patent.  For

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-

COMPLAINT

DOCSSM/3006744v2/101734-0094

1  reference, Sillage's cupcake-inspired bottle and the limited edition

2  CHERRY GARDEN bottle and cap are shown below.

3

4

5

6

7

8

9

10

11

12

 

13      23.    With sales internationally, including in the United States, the United

14  Arab Emirates and within the European Union, Sillage has established a significant

15  reputation in its TIARA, CHERRY GARDEN and other brands in the field of

16  perfume.

17      24.    Sillage uses only high quality ingredients in its perfume products.

18  Similarly, Sillage uses only high quality materials in its decorative bottles and

19  flacons.

20      25.    Sillage has established a reputation and goodwill in its business of

21  producing luxury crafted fragrances developed in collaboration with the finest

22  perfumers in the business, including the legendary Francis Camail.  Sillage also

23  works with premium jeweler Swarowski to design finely-crafted and ornate flacons

24  and bottles.

25      26.    Sillage sells its products through specialty online retailers and

26  boutiques, or by special order at select retailers.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-

COMPLAINT

1    27.    Sillage's reputation and goodwill have been recognized and enhanced

2  through its products being featured in internationally-circulated publications such

3  as *GQ*, *Harper's Bazaar*, *Perfumerias Regia*, the *Robb Report*, and *Vogue* as

4  depicted below.



**Sillage Perfume Products Have Become Well-Known**

20    28.    Sillage's customers expect outstanding quality and presentation from

21  Sillage's perfumes and Sillage works diligently to maintain its reputation and

22  goodwill by delivering quality and luxury to its customers.

23    29.    The high-end luxury perfume market is a small market.  The cupcake-

24  inspired perfume bottle is Sillage's market differentiation, and makes Sillage

25  uniquely different from any other perfume company in the United States.  It is

26  therefore necessary for Sillage to protect its products and its reputation against

27  would-be knock-offs or competitors which may infringe upon Sillage's intellectual

28  property rights.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-

COMPLAINT

DOCSSM/3006744v2/101734-0094

30.     Sillage has expended significant time, energy and expense to promote its unique House of Sillage line, and in particular the bottle design and decorative cover, including but not limited to tradeshow attendance, interviews, print ads, online marketing campaigns, couture events, advertising, and marketing.

31.     Based on Sillage's extensive use and promotion of its cupcake-shaped bottle and decorative cover, the dress has become distinctive and known in the United States and global marketplace as identifying Sillage as the source of origin for the products marketed and provided in connection therewith.

**Defendants Market and Sell Perfume in Cupcake-Shaped Bottles with Decorative Caps**

32.     In about <u>November 2012</u> — which is about one (1) year after Sillage first introduced its cupcake-inspired perfume bottles into United States commerce — Histoires de Parfums LLC d/b/a Alice & Peter ("A&P") and Defendants, working together, introduced a line of perfumes which are presented in a cheap knock-off version of Sillage's cupcake-inspired perfume bottles.  The A&P perfume is marketed and sold in a cupcake-shaped bottle and decorative cap (the "Infringing Parfum").  A sample of the Infringing Parfum is depicted below.



33.     The Infringing Parfum's cupcake-shaped bottles mimic the designs and inventions claimed in Sillage's patents and its trade dress.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

COMPLAINT

34.     The Infringing Parfum's caps are generally dome-shaped and include an A&P charm, rhinestone jewelry and/or other décor.  For example, Defendants' "Cheery Cherry" parfum is depicted on the previous page.

35.     The Infringing Parfum and the perfumes marketed and sold by Sillage are the only two (2) brands <u>in the world</u> that market and sell perfume in a cupcake-inspired bottle.

36.     Upon information and belief, an article entitled "Cupcake Delight" appearing in *Global Cosmetic Industry* and dated <u>January 1, 2013</u>, states that,

> "Alice & Peter is a new collection of scents developed by perfumer Gerald Ghislain and partner Magali Senequier.  Created as a playful concept inspired by *Alice in Wonderland* and *Peter Pan*, the collection features five fragrances – *Fancy Choco, Showy Toffee, Cheery Cherry, Wicked Berry* and *Bloody Orange* – in 1 oz. cupcake bottles, and the colorful scents were developed to be young at heart, light and sweet. <u>Available at Urban Outfitters and Henri Bendel</u>. . . ."  (Emphasis added.)

37.     Upon information and belief, several Pinterest references, including one accessible at http://www.pinterest.com/pin/41939840253204709/, mention A&P in connection with Urban Outfitters:

Found on urbanoutfitters.com

## Alice & Peter Cupcake Perfume

In Stock • $50

Urban Outfitters

See this on Urban Outfitters



Emily Cheng · 34 weeks ago
Alice & Peter Cupcake Perfume #urbanoutfitters

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

COMPLAINT

DOCSSM/3006744v2/101734-0094

38.     Upon information and belief, the Infringing Parfums are available for purchase via the Urban Outfitters website at www.urbanoutfitters.com.  A sample of the Infringing Parfum, as seen on the Urban Outfitters website, is depicted below.



39.     Upon information and belief, a reference accessible at http://www.beautygurulasvegas.com/tag/alice-peter-cupcake-perfume/ states, in part,

> "This perfume is just too cute.  It is one of five Alice & Peter scents that come in a cupcake shaped bottle.  This one is Cherry Cherry, a sweet mix of cherry, orange and blackcurrant fruit and floral aromas; topped with hints of strawberry, raspberry, vanilla, and caramel.  Also available in Wicked Berry, Fancy Choco, Showy Toffee and Bloody Orange, $49 at Urban Outfitters."  (Emphasis added.)

40.     Upon information and belief, a reference accessible at https://svpply.com/item/2471541/Alice__Peter_Cupcake_Perfume__Urban directs visitors of this page to the Urban Outfitters website to purchase the Infringing Parfum, as depicted on the next page.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

COMPLAINT

DOCSSM/3006744v2/101734-0094

ALL PRODUCTS / OTHER

$50.00
Alice & Peter Cupcake Perfume - Urban Outfitters
*from store:* **Urban Outfitters**

41.     Upon information and belief, on or about April 11, 2014, Urban Outfitters sold and shipped the Infringing Parfum within this judicial district.

42.     Upon information and belief, Henri Bendel markets and sells five (5) variations of the Infringing Parfum:  Blood Orange, Cherry Cherry, Fancy Choco, Showy Toffee, and Wicked Berry.  Upon information and belief, these products are marketed and sold at the Henri Bendel flagship store, and through www.henribendel.com.

43.     Upon information and belief, an article that appeared on Examiner.com dated February 4, 2013, *see* http://www.examiner.com/review/a-collection-of-cupcakes-that-won-t-pack-on-the-pounds-because-they-re-perfume, states, in relevant part,

/ / /

/ / /

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-

COMPLAINT

DOCSSM/3006744v2/101734-0094

"Alice & Peter make fragrances that are both unusual, and astoundingly packaged. A Whimsical Collection of Scents tempts all of your senses, and will most likely arouse your inner child. . . .  Alice & Peter unveiled these treats at Elements Showcase in New York. Now that Valentine's Day is on the horizon, these fragrances are a perfect gift. If there is no one to offer up a Whimsical collection cupcake for the day, get one for yourself, and you might find yourself attracting plenty of attention!  The Alice & Peter collectible fragrances are available at Urban Outfitters and Henri Bendel and www.alicepeter.com."  (Emphasis added.)

44.     Upon information and belief, a Facebook reference accessible at https://mbasic.facebook.com/events/265840473538419?acontext=%7B%22ref%22%3A22%7D&aref=22&refid=17, offers:



45.     Upon information and belief, Defendants began marketing and selling "Cherry Cherry" parfum in U.S. commerce at least as early as January 2013.

**FIRST CLAIM FOR RELIEF**

*(Infringement of U.S. Patent No. D693,224)*

46.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 45 hereof as if fully stated herein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

COMPLAINT

47.   Sillage is the sole owner of the entire right, title and interest in the '224 patent.

48.   Defendants have infringed the '224 patent under Section 271 of Title 35 of the U.S. Code by making, selling and/or offering for sale in the U.S. and/or importing into the U.S. the Infringing Parfum products which embody the claimed design recited in the '224 patent.

49.   On information and belief, Defendants will continue to infringe the '224 patent unless enjoined by this Court.

50.   Sillage has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

51.   On information and belief, the infringement of the '224 patent by Defendants has been willful.

## SECOND CLAIM FOR RELIEF

### *(Infringement of U.S. Patent No. D658,503)*

52.   Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 51 hereof as if fully stated herein.

53.   Sillage is the sole owner of the entire right, title and interest in the '503 patent.

54.   Defendants have infringed the '503 patent under Section 271 of Title 35 of the U.S. Code by making, selling and/or offering for sale in the U.S. and/or importing into the U.S. the Infringing Parfum products which embody the claimed design recited in the '503 patent.

55.   On information and belief, Defendants will continue to infringe the '503 patent unless enjoined by this Court.

56.   Sillage has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-
COMPLAINT

DOCSSM/3006744v2/101734-0094

57.     On information and belief, the infringement of the '503 patent by Defendants has been willful.

### THIRD CLAIM FOR RELIEF

*(Infringement of Federally Registered Trademark (Lanham Act §32))*

58.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 57 hereof as if fully stated herein.

59.     By virtue of Defendants' conduct, Defendants have used and are using a spurious term in connection with the advertising, marketing and offering of perfume products in interstate commerce, which mark is identified with "Cherry Cherry," and which imitates Sillage's CHERRY GARDEN mark.

60.     Sillage and A&P make perfume products and, accordingly, both Sillage and A&P market their products to the same or similar classes or purchasers.

61.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Sillage's CHERRY GARDEN mark, its reputations, dress and favorable goodwill, are likely to purchase Defendants' Infringing Parfum goods in the mistaken belief that such goods are offered or authorized by Sillage.

62.     Defendants' actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods are affiliated with, sponsored or controlled by Sillage.

63.     The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants' and/or their goods are in some manner affiliated with, originate from, or are sponsored by Sillage in violation of Lanham Act § 32, 15 U.S.C. § 1114.

64.     Sillage is informed and believes, and on that ground alleges, that Defendants have made and/or will make unlawful gains and profits from their

-13-

COMPLAINT

unlawful actions as alleged herein, and by reason thereof, Sillage has been deprived of gains and profits which otherwise would have inured to Sillage but for such unlawful actions.

65.     Sillage has no adequate remedy at law for the injuries alleged in this Count.  The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injuries are of continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

66.     Notwithstanding the difficulty of fully ascertaining the value of the damage to Sillage caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Sillage and Sillage is entitled to injunctive relief under 15 U.S.C. §1116(a).

## FOURTH CLAIM FOR RELIEF

### *(Trade Dress Infringement (Lanham Act §43))*

67.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 66 hereof as if fully stated herein.

68.     This claim arises under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).  Defendants' unauthorized use and threatened continued use in interstate commerce of Sillage's trade dress constitutes use of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of the Infringing Parfum, (b) as to an affiliation, connection or association between Sillage and Defendants, and (c) as to the sponsorship or approval of the Infringing Parfum by Sillage.

69.     Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Defendants' goods, services and/or commercial activities.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-14-

COMPLAINT

DOCSSM/3006744v2/101734-0094

70.     Upon information and belief, Defendants have intentionally and falsely designated the origin of their goods by adopting and using trade dress that is substantially the same as the Sillage's trade dress for its goods so as to profit from Sillage's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendants' goods, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Sillage.

71.     The activities of Defendants complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Sillage, its business reputation and its goodwill, for which Sillage is without adequate remedy at law.  Such activities have also caused Sillage monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

72.     Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.  Notwithstanding the difficulty of fully ascertaining the value of the damage to Sillage caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Sillage and Sillage is entitled to injunctive relief under 15 U.S.C. §1116(a).

## FIFTH CLAIM FOR RELIEF

*(Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq.)*

73.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 72 hereof as if fully stated herein.

74.     Sillage is informed and believes, and on that basis alleges, that Defendants have intentionally appropriated Sillage's trade dress and its CHERRY GARDEN mark with the intent of causing confusion, mistake and deception as to the source of their goods with the intent to pass off their goods as those of Sillage, and as such, Defendants have committed unfair competition in violation of the common law of the State of California.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

COMPLAINT

DOCSSM/3006744v2/101734-0094

75.     The foregoing acts of Defendants have caused and will continue to cause injury to Sillage by depriving it of sales of its genuine perfumes, injuring its business reputation and by passing off Defendants' goods as Sillage's goods, all in violation of the common law of the State of California.

76.     Defendants' acts have caused and will continue to cause irreparable harm and damage to Sillage, and have caused and will continue to cause Sillage monetary damage in an amount not yet determined, for which Sillage is entitled to its actual damages, Defendants' profits as well as attorneys' fees and costs.

77.     Defendants' infringement of Sillage's intellectual property described herein constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of the California Business and Professions Code §17200.

78.     As a consequence of Defendants' actions, Sillage is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sillage prays for the following relief:

A.      Judgment in favor of Sillage that Defendants have infringed the '224 and '503 patents and that Defendants' infringement of the '224 and '503 patents was willful;

B.      A permanent injunction enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and or joint infringement of the '224 and '503 patents as aforesaid pursuant to 35 U.S.C. § 283;

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-16-

COMPLAINT

DOCSSM/3006744v2/101734-0094

1    C.    That the Court enter judgment that Defendants' unauthorized use of

2  Sillage's trade dress, in association with the Infringing Parfum products, is in

3  violation of the Lanham Act, 15 U.S.C. § 1125(a);

4    D.    That the Court enter judgment that Defendants' unauthorized use of

5  the mark CHEERY CHERRY, in association with the Infringing Parfum products,

6  is in violation of the Lanham Act, 15 U.S.C. § 1115(a);

7    E.    That Defendants be required to immediately change their "Cherry

8  Cherry" mark;

9    F.    That Defendants' conduct serves to unfairly compete with Sillage

10  under the common law of the State of California;

11    G.    That the Court award judgment in favor of Sillage in an amount to be

12  determined at trial, but in no event less than $2,500,000.00 and/or Defendants'

13  profits on the Infringing Products;

14    H.    An award of Sillage's costs and attorneys' fees as allowed by law;

15  and,

16    I.    For such other and further relief as the Court may deem just and

17  proper.

18  DATED:  May 1, 2014                STRADLING YOCCA CARLSON
                                        & RAUTH, P.C.
19

20

21

22  By: _____
                    Thomas J. Speiss, III
23                  Attorneys for Plaintiff Sillage, LLC

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-17-

COMPLAINT

DOCSSM/3006744v2/101734-0094

1

## **JURY DEMAND**

2      Sillage hereby demands a trial by jury pursuant to Rule 38 of the Federal

3  Rules of Civil Procedure on each cause of action asserted in its Complaint that is

4  triable by jury.

5

6  DATED:  May 1, 2014                    STRADLING YOCCA CARLSON
                                          & RAUTH, P.C.

7

8

9                                         By: _____
                                              Thomas J. Speiss, III
10                                            Attorneys for Plaintiff Sillage, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-18-

COMPLAINT

DOCSSM/3006744v2/101734-0094