M.D. SCULLY  (SBN: 135853)
  Email:  mscully@gordonrees.com
TARA L. MARTIN  (SBN: 189168)
  Email:  tmartin@gordonrees.com
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060

Attorneys for Defendants URBAN OUTFITTERS, INC., a Pennsylvania
corporation, erroneously sued as URBAN OUTFITTERS.COM LP,
a Pennsylvania Limited Partnership and URBAN OUTFITTERS
HOLDINGS, LLC, a Pennsylvania Limited Liability Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC, a California Limited Liability Company, | CASE NO.  SACV 14-00686 MWF (RNBx) |
| Plaintiff, | Judge:  Hon. Michael W. Fitzgerald Courtroom1600 |
| vs. | |
| URBAN OUTFITTERS.COM LP, a Pennsylvania Limited Partnership; URBAN OUTFITTERS HOLDINGS, LLC, a Pennsylvania Limited Liability Company; and, HENRI BENDEL, INC., a Delaware Corporation, | **DEFENDANT URBAN OUTFITTERS, INC.'S ANSWER TO COMPLAINT AND COUNTER CLAIMS; DEMAND FOR JURY TRIAL** |
| Defendants | |
| | Complaint Filed:  May 1, 2014 Trial Date:  Not Yet Set |

Defendant URBAN OUTFITTERS, INC., a Pennsylvania corporation,

erroneously sued as URBAN OUTFITTERS.COM LP, a Pennsylvania Limited

Partnership and URBAN OUTFITTERS HOLDINGS, LLC, a Pennsylvania

Limited Liability Company (hereinafter "Urban Outfitters" or "Answering

Defendant") hereby responds to the unverified Complaint of SILLAGE, LLC

("Plaintiff").   In response to all paragraphs of Plaintiff's Complaint, this

Answering Defendant denies each and every allegation except as expressly

admitted herein.  This Answering Defendant responds specifically as follows:

**PARTIES**

1.    In response to paragraph 1 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

2.    In response to paragraph 2 of the Complaint, Urban Outfitters, Inc., admits that it is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112.  As to the remaining allegations in this paragraph, this Answering Defendant denies these allegations.

3.    In response to paragraph 3 of the Complaint, Urban Outfitters, Inc., admits that it is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112.  As to the remaining allegations in this paragraph, this Answering Defendant denies these allegations.

4.    In response to paragraph 4 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

**JURISDICTION AND VENUE**

5.    In response to paragraph 5 of the Complaint, this Answering Defendant admits that Plaintiff purports to assert claims, and seeks certain damages, under the patent laws of the United States, Title 35 of the United States Code, and that the Plaintiff asserts that that this Court has subject matter jurisdiction over Counts I-III pursuant to under 28 U.S.C. §1331 and 1338 (a), and further that the Plaintiff asserts that this Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. §1367.  This Answering Defendant admits that this Court has jurisdiction to determine claims asserted pursuant to Title 15 of the United States Code, and 28 U.S.C. §1331 and 1338 (a), and 1367.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

6.     In response to paragraph 6 of the Complaint, Urban Outfitters admits that this Court has personal jurisdiction over it because it is doing and has done substantial business in this judicial district; Urban Outfitters denies that it has committed acts of patent and/or trademark infringement, and/or other acts complained of herein, in this judicial district.  Urban Outfitters further denies that UrbanOutfitters.com is an entity and/or  that it is doing and/or has done substantial business in this judicial district, and denies that UrbanOutfitters.com has committed acts of patent and/or trademark infringement, and/or other acts complained of herein, in this judicial district.

7.     In response to paragraph 7 of the Complaint, Urban Outfitters admits that this Court has personal jurisdiction over it because it is doing and has done substantial business in this judicial district; Urban Outfitters denies that it has committed acts of patent and/or trademark infringement, and/or other acts complained of herein, in this judicial district.  Urban Outfitters further denies that Urban Outfitters Holdings is an entity and/or denies that it is doing and/or has done substantial business in this judicial district, and denies that Urban Outfitters Holdings has committed acts of patent and/or trademark infringement, and/or other acts complained of herein, in this judicial district.

8.      In response to paragraph 8 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

9.     In response to paragraph 9 of the Complaint, this Answering Defendant denies any and all liability.  This Answering Defendant further responds that it is without knowledge or information sufficient to form a belief as to whether all of the Plaintiff's claims, which this Answering Defendant disputes, occurred in this district.  As to the remaining allegations, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

# FACTUAL ALLEGATIONS

## Patent Ownership

10.     In response to paragraph 10 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

11.     In response to paragraph 11 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

12.    In response to paragraph 12 of the Complaint, this Answering Defendant denies that it has infringed the '224 patent and/or the '503 patent in this judicial district or any other district by selling and/or distributing products which infringe Plaintiff's patents.  As to the remaining allegations, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## Trademark Ownership

13.    In response to paragraph 13 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

14.    In response to paragraph 14 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

15.    In response to paragraph 15 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

16.     In response to paragraph 16 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

17.    In response to paragraph 17 of the Complaint, this Answering

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   Defendant is without knowledge or information sufficient to form a belief as to the

2   truth of these allegations, and on that basis, denies these allegations.

3                              **Trade Dress Ownership**

4        18.   In response to paragraph 18 of the Complaint, this Answering

5   Defendant is without knowledge or information sufficient to form a belief as to the

6   truth of these allegations, and on that basis, denies these allegations.

7        19.   In response to paragraph 19 of the Complaint, this Answering

8   Defendant is without knowledge or information sufficient to form a belief as to the

9   truth of these allegations, and on that basis, denies these allegations.

10       20.   In response to paragraph 20 of the Complaint, this Answering

11  Defendant is without knowledge or information sufficient to form a belief as to the

12  truth of these allegations, and on that basis, denies these allegations.

13          **Sillage Markets and Distributes Unique Perfume Products**

14       21.   In response to paragraph 21 of the Complaint, this Answering

15  Defendant is without knowledge or information sufficient to form a belief as to the

16  truth of these allegations, and on that basis, denies these allegations.

17       22.   In response to paragraph 22 of the Complaint, this Answering

18  Defendant is without knowledge or information sufficient to form a belief as to the

19  truth of these allegations, and on that basis, denies these allegations.

20       23.   In response to paragraph 23 of the Complaint, this Answering

21  Defendant is without knowledge or information sufficient to form a belief as to the

22  truth of these allegations, and on that basis, denies these allegations.

23       24.   In response to paragraph 24 of the Complaint, this Answering

24  Defendant is without knowledge or information sufficient to form a belief as to the

25  truth of these allegations, and on that basis, denies these allegations.

26       25.   In response to paragraph 25 of the Complaint, this Answering

27  Defendant is without knowledge or information sufficient to form a belief as to the

28  truth of these allegations, and on that basis, denies these allegations.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

26.    In response to paragraph 26 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

27.    In response to paragraph 27 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## Sillage Perfume Products Have Become Well-Known

28.    In response to paragraph 28 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

29.    In response to paragraph 29 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

30.    In response to paragraph 30 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

31.    In response to paragraph 31 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## Defendants Market and Sell Perfume in Cupcake-Shaped Bottles with Decorative Caps

32.    In response to paragraph 32 of the Complaint, this Answering Defendant denies that it worked together with "A&P" and/or other Defendants and denies that it introduced a line of perfumes which are/were presented as a cheap knock-off version of Plaintiff's cupcake-inspired perfume bottles.  As to the remaining allegations, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

33.     In response to paragraph 33 of the Complaint, this Answering Defendant denies that the allegedly "Infringing Parfum" mimics the designs and inventions claimed in Plaintiff's purported patents and/or its trade dress.

34.     In response to paragraph 34 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

35.     In response to paragraph 35 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

36.     In response to paragraph 36 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

37.     In response to paragraph 37 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

38.     In response to paragraph 38 of the Complaint, this Answering Defendant denies that the purportedly Infringing Parfums are available for purchase via the Urban Outfitters website.  As to the remaining allegations, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

39.     In response to paragraph 39 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

40.     In response to paragraph 40 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

41.     In response to paragraph 41 of the Complaint, this Answering Defendant is informed and believes that Plaintiff or an agent of Plaintiff purchased

the purportedly Infringing Parfum in or around April 2014.  As to the remaining allegations, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

42.     In response to paragraph 42 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

43.     In response to paragraph 43 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

44.     In response to paragraph 44 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

45.     In response to paragraph 45 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

## FIRST CLAIM FOR RELIEF

*(Infringement of U.S. Patent No. D693,224)*

46.     In response to paragraph 46 of the Complaint, this Answering Defendant incorporate by references their responses to the Complaint asserted herein.

47.     In response to paragraph 47 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

48.     In response to paragraph 48 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

49.     In response to paragraph 49 of the Complaint, this Answering

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   Defendant denies these allegations.  This Answering Defendant also denies that

2   Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

3       50.     In response to paragraph 50 of the Complaint, this Answering

4   Defendant denies these allegations.  This Answering Defendant also denies that

5   Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

6       51.     In response to paragraph 51 of the Complaint, this Answering

7   Defendant denies these allegations.  This Answering Defendant also denies that

8   Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

9   ## SECOND CLAIM FOR RELIEF

10  *(Infringement of U.S. Patent No. D658,503)*

11      52.     In response to paragraph 52 of the Complaint, this Answering

12  Defendant incorporate by reference their responses to the Complaint asserted

13  herein.

14      53.     In response to paragraph 53 of the Complaint, this Answering

15  Defendant is without knowledge or information sufficient to form a belief as to the

16  truth of these allegations, and on that basis, denies these allegations.

17      54.     In response to paragraph 54 of the Complaint, this Answering

18  Defendant denies these allegations.

19      55.     In response to paragraph 55 of the Complaint, this Answering

20  Defendant denies these allegations.

21      56.     In response to paragraph 56 of the Complaint, this Answering

22  Defendant denies these allegations.  This Answering Defendant also denies that

23  Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

24      57.     In response to paragraph 57 of the Complaint, this Answering

25  Defendant denies these allegations.  This Answering Defendant also denies that

26  Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

27  / / /

28  / / /

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

# THIRD CLAIM FOR RELIEF

*(Infringement of Federally Registered Trademark (Lanham Act §32))*

58.   In response to paragraph 58 of the Complaint, this Answering Defendant incorporate by reference their responses to the Complaint asserted herein.

59.   In response to paragraph 59 of the Complaint, this Answering Defendant denies these allegations.

60.   In response to paragraph 60 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies these allegations.

61.   In response to paragraph 61 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

62.   In response to paragraph 62 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

63.   In response to paragraph 63 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

64.   In response to paragraph 64 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

65.   In response to paragraph 65 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

66.   In response to paragraph 66 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

# FOURTH CLAIM FOR RELIEF

## (*Trade Dress Infringement (Lanham Act §43)*)

67.     In response to paragraph 67 of the Complaint, this Answering Defendant  incorporate by reference their responses to the Complaint asserted herein.

68.     In response to paragraph 68 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

69.     In response to paragraph 69 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

70.     In response to paragraph 70 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

71.     In response to paragraph 71 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

72.     In response to paragraph 72 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

# FIFTH CLAIM FOR RELIEF

## (*Unfair Competition under Cal. Bus. & Prof. Code §§17200 et seq.*)

73.     In response to paragraph 73 of the Complaint, this Answering Defendant incorporate by reference their responses to the Complaint asserted herein.

74.     In response to paragraph 74 of the Complaint, this Answering Defendant denies these allegations.

75.     In response to paragraph 75 of the Complaint, this Answering

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

76.    In response to paragraph 76 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

77.    In response to paragraph 77 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

78.    In response to paragraph 78 of the Complaint, this Answering Defendant denies these allegations.  This Answering Defendant also denies that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief it seeks.

## PRAYER FOR RELIEF

This Answering Defendant denies the allegations in the "Prayer for Relief" and deny that Plaintiff is entitled to any of the relief it seeks.

## URBAN OUTFITTERS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (NON-INFRINGEMENT)

Urban Outfitters has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid claim of U.S. Patent No. D693,224 (the "'224 Patent) and/or U.S. Patent No. D658,503 (the "'503 Patent) (collectively "Patents-in-Suit").

## SECOND AFFIRMATIVE DEFENSE

## (PATENT INVALIDITY)

Upon information and belief, the Patents-in-Suit are invalid and unenforceable for failing to satisfy the conditions of patentability set forth in the U.S. patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

/ / /

-12-

**THIRD AFFIRMATIVE DEFENSE**

**(PATENT ESTOPPEL)**

Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the Patents-in-Suit, as is shown by its file history, and by reason of amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee(s), Plaintiff is estopped from claiming a construction of the Patents-in-Suit that would cause any valid claim to cover or include any accused product made, used, offered for sale, sold, or imported by Urban Outfitters.

**FOURTH AFFIRMATIVE DEFNESE**

**(FAILURE TO STATE A CLAIM)**

Upon information and belief, the Complaint fails to state facts upon which a claim for relief can be granted against Urban Outfitters.

**FIFTH AFFIRMATIVE DEFENSE**

**(LACHES)**

Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(DAMAGES LIMITATIONS)**

Upon information and belief, to the extent Plaintiff may be entitled to damages, if any, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §§ 286 and by 287 to those damages occurring only after notice of infringement.

/ / /

/ / /

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## SEVENTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Upon information and belief, Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (DISCLAIMER)

The claims for relief are barred, in whole or in part, by the doctrine of disclaimer.

## TENTH AFFIRMATIVE DEFENSE

### (CONSENT AND/OR ACQUIESCENCE)

The Complaint is barred in whole or in part due to Plaintiff's consent to and/or acquiescence of Defendants' uses.

## ELEVENTH AFFIRMATIVE DEFENSE

### (NO CAUSATION/SUPERSEDING CAUSE)

No act or omission of Urban Outfitters was a substantial factor in bringing about the damages alleged, nor was any act or omission of Urban Outfitters a contributing cause thereof.  Any alleged acts or omissions by Urban Outfitters were superseded by the acts or omissions of others, including Plaintiff or other third parties named in the Complaint or not named in the Complaint, which were the independent, intervening, and proximate cause of the damage or loss allegedly sustained by Plaintiff.

## TWELTH AFFIRMATIVE DEFENSE

### (NO DAMAGES)

The Complaint is barred in whole or in part due to Plaintiff's lack of

damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

The Complaint is barred in whole or in part to the extent that they are barred by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (MARK INVALIDITY)

14.     The Complaint is barred in whole or in part due to the invalidity of Plaintiff's purported trademark at issue in this case.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (GOOD FAITH)

At all relevant times, Defendant acted in complete good faith, thereby prohibiting a finding of intentional or willful conduct, and prohibiting the imposition of treble and/or punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (PRIVILEGE/JUSTIFICATION)

Urban Outfitters' acts or omissions were privileged and/or justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (FRAUD)

The Complaint is barred in whole or in part to the extent that Plaintiff's registered patents or trademark was obtained and/or maintained by fraud.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (ABANDONMENT)

The Complaint is barred in whole or in part to the extent that Plaintiff abandoned its purported trademark in whole or in part.

## NINETEENTH AFFIRMATIVE DEFENSE
## (TRADEMARK MISUSE)

The Complaint is barred in whole or in part by the doctrine of trademark

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

misuse.

## TWENTIETH AFFIRMATIVE DEFENSE
### (NO LIKELIHOOD OF CONFUSION)

The Complaint is barred in whole or in part because Urban Outfitters' use of the phrase "Cheery Cherry" (also erroneously referred to as "Cherry Cherry") is not confusingly similar to Plaintiff's purported trademark CHERRY GARDEN.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (CLASSIC FAIR USE)

The Complaint is barred in whole or in part because the purported infringing mark consists of a phrase that is descriptive of Urban Outfitters' own goods or services, such uses are made fairly and in good faith only to describe such goods or services, and Urban Outfitters do not use the phrase as a trademark.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (NOMINATIVE FAIR USE)

The Complaint is barred in whole or in part because the purported infringing mark is a phrase that Urban Outfitters' use in connection with goods or services not readily identifiable without use of the phrase; Urban Outfitter's uses only so much of the phrase as is reasonably necessary to identify the goods or services in question or the nature of the goods or services in question; and Urban Outfitters take no actions that would suggest sponsorship or endorsement by Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (LACK OF DISTINCTIVENESS)

The Complaint is barred in whole or in part as it relates to Plaintiff's purported CHERRY GARDEN trademark as well as the alleged infringed trade dress, as Plaintiff's CHERRY GARDEN mark and purported trade dress both lack distinctiveness.

/ / /

/ / /

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (TRADEMARK ESTOPPEL)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the trademark application that resulted in the trademark at issue in this case, Plaintiff disclaimed exclusive use of the term "Cherry" separate and apart from the mark as shown, as is shown by the file history for this application. Plaintiff is thereby estopped from claiming rights in the term "Cherry" separate and apart from the mark as shown sufficient to support a claim of trademark infringement against Urban Outfitters.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (NOTE PROTECTABLE)

The Complaint is barred in whole or in part because the items that Plaintiff seeks protection over are not protectable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (PLAINTIFF NOT INVENTOR)

The Complaint is barred in whole or in part because the Plaintiff is not the inventor or owner of one or more of the Patents-in-Suit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (FAILURE TO JOIN INDISPENSABLE PARTIES)

The Complaint is barred in whole or in part because the Plaintiff has failed to join indispensable parties, including others claiming ownership of one or more of the Patents-in-Suit asserted by Plaintiff in this action, which parties are necessary for a full and complete adjudication of its claims as required by, among other legal authority, Rule 19 of the Federal Rules of Civil Procedure.

/ / /

/ / /

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
## (RES JUDICATA / COLLATERAL ESTOPPEL)

The Complaint is barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
## (RESERVATION OF RIGHTS AND ADDITIONAL DEFENESES)

Defendants have insufficient knowledge and/or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available in this case and reserve the right to bring additional affirmative defenses.

## COUNTERCLAIMS OF URBAN OUTFITTERS

For their counterclaims against Counterdefendant Sillage LLC ("Counterdefendant" or "Sillage"), Counterclaimant Urban Outfitters, Inc. ("Urban Outfitters"), erroneously sued as Urban Outfitters.com LP and Urban Outfitters Holdings LLC, avers the following:

## PARTIES

1.      Urban Outfitters, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 5000 S. Broad Street, Philadelphia, Pennsylvania.

2.      Upon information and belief, Sillage LLC is a California limited liability company duly organized and existing under the laws of the State of California with its principal place of business at 660 Newport Center Drive, Suite 60, Newport Beach, California 92660.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, 2202 and 15 U.S.C. § 1051, 1121 and 1127.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§

-18-

1    1391(b) and (c) and 1400(a) and (b).

2        5.    This Court has personal jurisdiction over Sillage.

3                        **FACTUAL ALLEGATIONS**

4                   **Patent Ownership and Invalidity**

5        6.    United States Patent No. D693,224 (the "'224 Patent) entitled

6    "Display Bottle" was issued, albeit improperly, by the United States Patent and

7    Trademark Office ("USPTO") on November 12, 2013.  A true and correct copy of

8    the '224 Patent is attached hereto as Exhibit A.

9        7.    United States Patent No. D658,503 (the "'503 Patent") entitled

10   "Bottle" was issued, albeit improperly, by the USPTO on May 1, 2012.  A true and

11   correct copy of the '503 Patent is attached hereto as Exhibit B.

12       8.    Sillage claims to be the sole and exclusive owner of the '224 Patent

13   and the '503 Patent (collectively, the "Patents-in-Suit").

14       9.    Sillage has alleged that Urban Outfitters infringes and has infringed

15   the Patents-in-Suit.  Urban Outfitters does not infringe any valid and enforceable

16   claim of the Patents-in-Suit.

17       10.   Upon information and belief, the Patents-in-Suit are invalid for failure

18   to satisfy one or more conditions of patentability set forth in Title 35 of the United

19   States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

20       11.   An actual controversy exists between Urban Outfitters and Sillage

21   regarding the noninfringement and invalidity of the Patents-in-Suit.

22                 **Trademark Ownership and Invalidity**

23       12.   United States Trademark No.4,429,539 for the mark CHERRY

24   GARDEN was registered, albeit improperly, by the USPTO on November 5, 2013.

25   A true and correct copy of the CHERRY GARDEN trademark registration is

26   attached hereto as Exhibit C.

27       13.   Sillage claims to be the owner of the CHERRY GARDEN trademark.

28       14.   Sillage has alleged that Urban Outfitters infringes and has infringed

*Gordon & Rees LLP*
*2211 Michelson Drive Suite 400*
*Irvine, CA 92612*

-19-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

the CHERRY GARDEN trademark.  Urban Outfitters does not infringe any valid and enforceable right that Sillage has in the CHERRY GARDEN trademark.

15.     Upon information and belief, the CHERRY GARDEN trademark is invalid under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and under the Trademark Act §§ 1, 2 and 45, 15 U.S.C. §§ 1052 and 1127 because the CHERRY GARDEN mark (1) does not function as a mark, (2) is merely descriptive and has not acquired secondary meaning and (3) is merely ornamental as used by Sillage.

16.     An actual controversy exists between Urban Outfitters and Sillage regarding the noninfringement and invalidity of the CHERRY GARDEN trademark.

### Trade Dress Ownership

17.     Sillage claims to be the owner of trade dress in various "transparent cupcake-shaped" bottles "adorned with jewelry, crystals and other décor." *See* Complaint ¶ 18.

18.     Sillage has alleged that Urban Outfitters infringes and has infringed its trade dress in various cupcake-shaped bottles.  Urban Outfitters does not infringe any valid and enforceable right that Sillage purportedly has in transparent cupcake-shaped bottles.

19.     Upon information and belief, Sillage does not have trade dress rights and ownership over its purported cupcake-shaped bottles because product design trade dress, of which Sillage asserts, is not "inherently distinctive" under Section 43(a) of the Lanham Act without a showing that the design has acquired secondary meaning.  Sillage has not adequately alleged that any of its transparent cupcake-shaped bottles have acquired secondary meaning sufficient for protection under section 43(a) of the Lanham Act.

### FIRST CLAIM FOR RELIEF

### (Declaration of Non-Infringement of Patents-in-Suit)

20.     Urban Outfitters restates and incorporates by reference the allegations

-20-

in paragraphs 1 through 11 of this Counterclaim as if fully set forth herein.

21.  Urban Outfitters has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.

22.  Unless enjoined by this Court, the acts of Counterdefendant have caused and will continue to cause irreparable damage, loss, and injury to Counterclaimants for which Counterclaimants have no adequate remedy at law and from which Counterclaimants are entitled to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Declaration of Invalidity of the Patents-in-Suit)

23.  Urban Outfitters restates and incorporates by reference the allegations in paragraphs 1 through 11 of this Counterclaim as if fully set forth herein.

24.  The Patents-in-Suit are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102, 103 and 112.

25.  A judicial declaration is necessary and appropriate so Urban Outfitters may ascertain its rights regarding the Patents-in-Suit.

26.  Unless enjoined by this Court, the acts of Counterdefendant have caused and will continue to cause irreparable damage, loss, and injury to Counterclaimants for which Counterclaimants have no adequate remedy at law and from which Counterclaimants are entitled to declaratory and injunctive relief.

## THIRD CLAIM FOR RELIEF

### (Declaration of Non-Infringement of CHERRY GARDEN Mark)

27.  Urban Outfitters incorporates by reference the allegations in paragraphs 1through 5 and paragraphs 12-16 of this Counterclaim as if fully set forth herein.

28.  Urban Outfitters has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the CHERRY GARDEN mark.

29.  Unless enjoined by this Court, the acts of Counterdefendant have

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-21-

caused and will continue to cause irreparable damage, loss, and injury to Counterclaimants for which Counterclaimants have no adequate remedy at law and from which Counterclaimants are entitled to declaratory and injunctive relief.

### FOURTH CLAIM FOR RELIEF

### (Declaration of Invalidity of the CHERRY GARDEN Mark)

30.     Urban Outfitters incorporates by reference the allegations in paragraphs 1through 5 and paragraphs 12-16 of this Counterclaim as if fully set forth herein.

31.     The CHERRY GARDEN trademark is invalid under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and under the Trademark Act §§ 1, 2 and 45, 15 U.S.C. §§ 1052 and 1127 because (1) it does not function as a mark, (2) is merely descriptive and has not acquired secondary meaning and (3) is merely ornamental.

32.     Unless enjoined by this Court, the acts of Counterdefendant have caused and will continue to cause irreparable damage, loss, and injury to Counterclaimants for which Counterclaimants have no adequate remedy at law and from which Counterclaimants are entitled to declaratory and injunctive relief.

### FIFTH CLAIM FOR RELIEF

### (Declaration of Non-Infringement of Trade Dress)

33.     Urban Outfitters incorporates by reference the allegations in paragraphs 1-5 and paragraphs 17-19 of this Counterclaim as if fully set forth herein.

34.     Urban Outfitters has not infringed and is not infringing Plaintiff's trade dress because Plaintiff's product design has not acquired secondary meaning sufficient for trade dress protection under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

35.     Unless enjoined by this Court, the acts of Counterdefendant have caused and will continue to cause irreparable damage, loss, and injury to Counterclaimants for which Counterclaimants have no adequate remedy at law and

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    from which Counterclaimants are entitled to declaratory and injunctive relief.

2        WHEREFORE, Urban Outfitters respectfully requests that this Court:

3        (A)   Enter judgment in favor of Urban Outfitters denying Sillage all relief

4               requested in this action and dismissing Sillage's Complaint with

5               prejudice;

6        (B)   Enter judgment declaring that Urban Outfitters has not infringed and

7               is not infringing any valid and enforceable claim of the Patents-in-

8               Suit, and that Urban Outfitters has not contributed to or induced and is

9               not contributing to or inducing infringement of any valid and

10              enforceable claim of the Patents-in-Suit;

11       (C)   Enter judgment declaring that each claim of the Patents-in-Suit is

12              invalid;

13       (D)   Enter judgment declaring that Urban Outfitters has not infringed and

14              is not infringing the CHERRY GARDEN trademark, and that Urban

15              Outfitters has not contributed to or induced and is not contributing to

16              or inducing infringement of the CHERRY GARDEN trademark;

17       (E)   Enter judgment declaring that the CHERRY GARDEN trademark is

18              invalid;

19       (F)   Enter judgment declaring that Urban Outfitters has not infringed and

20              is not  infringing Plaintiff's purported trade dress, and the Urban

21              Outfitters has not contributed to or induced and is not contributing to

22              or inducing infringement of Plaintiff's purported trade dress;

23       (G)   Enter judgment declaring this to be an exceptional case under 35

24              U.S.C. § 285 and awarding Urban Outfitters its costs, expenses, and

25              reasonable attorneys' fees, and

26       (H)   Award Urban Outfitters all other relief to which it may be entitled.

27   / / /

28   / / /

# DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure Rule 38(b), this Answering Defendant and Counterclaimant hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 on all issues so triable.


Dated: July 21, 2014                    GORDON & REES LLP

                                        By:    /s/ Tara L. Martin
                                               M.D. Scully
                                               Tara L. Martin
                                               Attorneys for Defendants URBAN
                                               OUTFITTERS.COM LP, a
                                               Pennsylvania Limited Partnership and
                                               URBAN OUTFITTERS HOLDINGS,
                                               LLC, a Pennsylvania Limited
                                               Liability Company

DEFENDANT URBAN OUTFITTERS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS –
SACV 14-00686 MWF (RNBx)